JENARA FIGUEROA DE VILLAFAÑE, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 333. Argued February 12, 1945.—Decided March 6, 1945.

*Herminio A. Concepción* for petitioner. *A. de Jesús Matos, J. Correa Suárez,* and *A. Sandín del Manzano* for intervener, Manager of the State Insurance Fund.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

In the petition for review filed in this case, it is alleged that the petitioner has been insured in the State Insurance Fund, in connection with her business of sugar cane growing during the fiscal years 1937 to 1942 and that, in accordance with the law, she timely filed her annual pay rolls for the years 1940–41 and 1941–42, setting forth the total amount of wages paid to her workmen during said years, in order that the manager might compute the premiums pertaining to her policy; that on September 17, 1942, the petitioner was notified of a liquidation made for the year 1941–42, which amounted to $241.82, and of the premiums corresponding to the year 1942–43, which amounted to $412.20, making a total of $613.07; that a review of such ruling having been sought, and while the case was pending decision by the Industrial Commission, the manager served notice on the respondent of a new liquidation setting aside the previous one and making final liquidations for the years 1938 to 1942, which showed a total of $1,035.88; that on September 30, 1943, the commission rendered a decision holding that the liquidation made by the manager for the years 1941–42 and 1942–43 was void, as it was not in accord with the law; that subsequently the manager caused said decision to be set aside and a new hearing held, whereupon the commission denied the petition for review filed by the employer; and, lastly, that the commission refused to reconsider and confirmed its decision, rendered on August 15, 1944.

The petitioner herein has assigned four errors claimed to have been committed by the commission.

■■ The first assignment is that the commission erred in holding that the Manager of the Fund was legally authorized to impose on the petitioner a 25-per cent penalty computed on the basic rate of 6 per cent, without giving the employer an opportunity to be heard and to make her defense.

The preliminary levy for the year 1942–43, notified by the manager to the petitioner on September 17, 1942 (Exhibit 2), was based on an estimated pay roll amounting to $5,496. The premium levied on the petitioner was computed by applying the basic rate of 6 per cent plus a 25-per cent penalty, or an aggregate rate of 7.50 per cent, and amounted to $412.20, which sum was included in the final liquidation notified to the petitioner on January 12, 1943.

The last paragraph of § 24 of Act No. 45 of 1935, Workmen's Accident Compensation Act, reads thus:

"The Manager of the State Fund is likewise empowered to collect from each individual employer in the same industry such percentage of premiums as, in his judgment, may be fairest, as an additional surcharge on the premiums that he may fix, when, on account of failure to use industrial safety appliances, on account of poor administration, or on account of reasons which cannot be satisfactorily explained to the Manager, there occurs in the factory, establishment, or working place of said employer a number of accidents disproportionate to the usual number occurring in establishments, factories, or working places similar to those of other employers engaged in the same industry or business; and to this end the Manager is hereby authorized to prescribe such rules as he may deem opportune."

There is no doubt that the above-transcribed enactment confers on the manager the power to levy and collect from each individual employer an additional surcharge on the premiums fixed for the industry in which the latter may be engaged. Nevertheless, this is not a power which the manager may exercise capriciously. An essential requisite for

its lawful exercise is that in the factory or working place of the employer on whom the penalty of an additional surcharge is to be imposed there should have occurred a number of accidents disproportionate to the usual number occurring in other factories or working places devoted to the same industry; and that those accidents should have occurred on account of the employer's failure to use industrial safety appliances, on account of poor administration, or on account of reasons which can not be satisfactorily explained to the manager. In accordance with the letter and the spirit of the statute, it is evident that the manager is not authorized to impose the penalty of an additionl surcharge, without first giving the employer an opportunity to explain, if he can, to the satisfaction of the manager himself, the causes which have given rise to the extraordinary number of accidents sustained by his workmen. Were the manager empowered to impose such penalty, without hearing the employer and without giving him an opportunity to defend himself, the statute would infringe the provision of our Organic Act (§ 2, Paragraph 1) that "no law shall be enacted in Porto Rico which shall deprive any person of life, liberty, or property without due process of law." See *Alemañy* v. *Industrial Commission,* 64 P.R.R. 578.

The reasons or grounds on which the manager relied for imposing on the petitioner an additional surcharge of 25 per cent of the basic rate of 6 per cent, were not set forth in either of the two liquidations notified by the former to the latter.

From the record of the case before us, it does not appear that the commission ever granted to the petitioner an opportunity to introduce evidence in support of her allegation (fourth paragraph, D, Petition for Review) that the penalty of 25 per cent of the basic rate had been imposed by the manager arbitrarily, since that officer based his action on the claim that in other working places different from

that of the petitioner there had occurred a disproportionate number of accidents, without taking into account the fact that in the working place of the petitioner no such accidents had occurred. The commission confined itself to the holding that the manager was empowered by the statute to impose additional surcharges, without going into a consideration of the question of whether in exercising such power in the case at bar he had complied with the provisions of the statute; thereby committing the error charged against it.

██ The third and fourth assignments may be considered jointly. The petitioner urges that the commission erred in holding that the manager is empowered to assess premiums on the basis of computations made by him, without taking into consideration the pay rolls filed by the employer pursuant to law; and that said officer acted correctly in the present case in fixing the premium on the basis of a cost of $2 per ton, in accordance with the number of tons of cane ground by the petitioner, and taking into account the average cost which was uniform for all the employers in the same industry.

In the petition for review filed with the commission, the petitioner alleged that the manager in fixing the premiums failed to take into consideration the pay rolls filed by the petitioner for the years 1940–41 and 1941–42, amounting only to $2,000 for each year; and by arbitrarily taking as a basis the rate of $2 per ton of ground cane, he raised the pay roll to $5,496.62 for each year. The manager answered that the wages reported were not proportionate to the activities of the employer; that the latter had failed to prove before the manager, and the latter, notwithstanding the efforts made, had been unable to determine, that the pay rolls as reported by the employer represented the true amount of wages actually paid during said years; and for that reason, "in the exercise of his discretion, for the purpose of computing the premium, he fixed an average cost of $2 per ton of ground cane."

In the decision sought to be reviewed, when passing upon the question raised by those two assignments, the commission said:

"At two o'clock, when the case was called, both the petitioner and her attorney were absent and no proceedings were taken until half past two, when, in view of the fact that they failed to arrive, Messrs. Correa and De Jesús, attorneys for the manager, noted the default of the petitioner and requested leave to introduce evidence in support of the ruling of the manager. During the introduction of the evidence for the manager, at twenty minutes to three o'clock in the afternoon, Attorney Concepción came into the session room and stated that he had been waiting for his client but that the latter had not yet arrived.

"There is no doubt that it is incumbent on the appellant to prove that the manager disregarded the rules established by law for levying and fixing the premium and, since the petitioner has failed to introduce any evidence in support of her allegations, it would be proper to dismiss her petition outright. However, the evidence for the manager was heard and the same consisted of the testimony of the witnesses Benigno Segarra and Enrique Ramírez Moll, both of whom were officers of the State Fund at the time of the imposition of the challenged premiums. Their testimony was to the effect that the employer had at all times denied having kept any account books whatsoever or any wage notebooks and refused to give them any information which would enable them to verify whether or not the pay rolls filed by the employer reflected the truth, and consequently, they proceeded to make the proper investigation at the Fajardo Central, where the employer ground the cane, and among other adjoining landowners, and they reached the conclusion that during the years 1940-41, 1941-42, and 1942-43, this employer had ground more cane and paid a larger amount of wages than what she had reported and that the preliminary levy, and the liquidations, both final and provisional, amounting in all to $613.07 were reasonable.

"At the close of the evidence for the manager, Attorney Concepción moved that his client be permitted to introduce her evidence, whereupon the undersigned Commissioner granted a term of five days, counted from the date of the hearing, for her to state the reasons she might have had for not appearing at the hearing, and suggested to said attorney that any reasons which his client might state would be considered and if the same were meritorious, the case would be reopened in order to give her an opportunity to introduce her

evidence; otherwise, the case would be decided upon the evidence introduced by the State Fund. Said term of five days has expired without the petitioner having filed any written statement in the office of the Secretary of this Commission, explaining the reasons for her failure to appear on the 7th of this instant August.''

We must presume, just as the commission did, that in assessing the premiums levied on the petitioner the manager complied with the provisions of §§ 25 (as amended by Act No. 160 of May 9, 1942), 26, and 27 of the Workmen's Accident Compensation Act. The commission gave the petitioner an opportunity to apply for a reopening of the case in order to introduce her evidence in opposition to that adduced by the manager. The petitioner failed to take advantage of that opportunity and she can not now complaint of the action of the commission in rendering a decision based on the evidence submitted by the manager.

3. In the second assignment it is alleged that the commission erred in holding that the manager was empowered to levy the basic rate of 6 per cent without first notifying the employers and holding public hearings.

The decision sought to be reviewed does not contain such a pronouncement. What the commission held was that, the challenged rates having gone into effect on July 1, 1942, and the petition for review having been filed on October 5 of that year, the commission lacked jurisdiction to review the decision of the manager, inasmuch as the period of 30 days within which said petition should have been filed, in accordance with the provision of § 24 of the Workmen's Accident Compensation Act, as amended by Act No. 160 of May 9, 1942, had already expired.

For the reasons which we stated when discussing the first assignment of error, the decision complained of is reversed as to the imposition of the penalty and affirmed as to the remaining pronouncements, and the case is remanded to the Industrial Commission for further proceedings not inconsistent with this opinion.